**REED SMITH LLP**
Sara A. Begley, Esq. (PA ID: 49120)
Anne E. Rollins, Esq. (PA ID: 314484)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KRIS CLARKE,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**WALGREEN COMPANY,**<br><br>     **Defendant.** | **CIVIL ACTION NO. _____**<br><br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

To:  The United States District Court
   for the Eastern District of Pennsylvania
   601 Market Street
   Philadelphia, PA 19106

   Adam D. Meshkov, Esq.
   Meshkov & Breslin
   830 Lehigh Street
   Easton, PA 18042
   *Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

Defendant Walgreen Co.[1] ("Defendant" or "Walgreens"), by and through its counsel, Reed

Smith LLP, hereby removes this action from the Court of Common Pleas of Northampton

County, Pennsylvania, Civil Division - Law, in which it is pending, to the United States District

Court for the Eastern District of Pennsylvania.  In support of this Notice of Removal, Walgreens

states as follows:

---

[1] Defendant Walgreen Co. was improperly named as "Walgreen Company" in Plaintiff's Complaint.

## Background

1.      Plaintiff Kris Clarke ("Plaintiff") commenced this action on or about July 29, 2015 by filing a Complaint against Walgreens in the Court of Common Pleas of Northampton County, Pennsylvania, captioned *Kris Clarke v. Walgreen Company*, Docket No. CV2015-6633. A true and correct copy of Plaintiff's Civil Cover Sheet, Notice to Defend, and Complaint are attached hereto as **Exhibit A.**

2.      Walgreens was served with the Complaint on or after September 16, 2015.

## All Procedural Prerequisites to Removal Have Been Met

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers on file with the Northampton County Court of Common Pleas are attached as **Exhibit A.**

4.      Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will also be promptly filed with the Prothonotary of the Northampton County Court of Common Pleas, as an attachment to Walgreens Notice of Filing of Notice of Removal.  A true copy of this written notice, without attachments, is attached hereto as **Exhibit B.**

5.      This Notice of Removal is timely, being filed within thirty (30) days of the first day on which any Defendant was properly served with any pleading (here, the Complaint) as required by 28 U.S.C. § 1446(b).

6.      Walgreens is the sole Defendant in this action.   Accordingly, all Defendants consent to and join in this removal.

7.      The Court of Common Pleas of Northampton County is located within the Eastern District of Pennsylvania.  Therefore, venue in this Court is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

8.     No proceedings have occurred before the Court of Common Pleas other than Plaintiff's filing of the Complaint and Plaintiff's service of the Complaint upon Walgreens.

### Diversity of Citizenship

9.     Complete diversity of citizenship exists in this matter pursuant to 28 U.S.C. § 1332.

10.     Plaintiff alleges that he is a resident of the Commonwealth of Pennsylvania.  *See* Pl.'s Compl. ¶ 1.

11.     Walgreens is a foreign corporation organized and existing under the laws of the State of Illinois, with a principal place of business located in Deerfield, Illinois.  *See* Pl.'s Compl. ¶ 2.

12.     Thus, Walgreens is a citizen of Illinois for diversity jurisdiction purposes.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

13.     There are no other parties to this lawsuit.

### Amount in Controversy

14.     Plaintiff's Complaint asserts one count for "Wrongful Termination/Constructive Discharge." Pl.'s Compl. ¶¶ 41-43.

15.     Plaintiff's Complaint alleges that he seeks damages "*in excess* of $50,000.00 in the form of lost income (back pay) and lost employment benefits, future income (front pay) and future lost employment benefits, all such actual damages incurred, punitive damages, attorney and witness fees and costs, and all such compensable legal and equitable relief determined to be appropriate." Pl.'s Compl. ¶ 43 *et seq.* (emphasis added).

16.     Although Plaintiff's Complaint does not allege a specific amount of damages (and instead seeks damages "in excess of $50,000.00"), the amount in controversy in this case

exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

17.    Even if Plaintiff were only seeking $50,000 in damages (which he is not), Pennsylvania practice "permits recovery of damages in excess" of this amount. *See* 28 U.S.C. § 1146(c)(2)(A)(ii). Thus, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Id.* § 1446(c)(2)(B).[2]

18.    Here, Walgreens can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[3]

19.    Plaintiff's employment was terminated on or about January 7, 2014, approximately 19 months ago. Pl.'s Compl. ¶ 40.

20.    Plaintiff's 2011, 2012, and 2013 Form W-2s issued by Walgreens show that Plaintiff was paid $54,442.71, $53,580.32, and $44,933.65 per year, respectively. *See* Pl.'s 2011 – 2013 Form W-2s, attached as **Exhibit C**.

21.    Even using the lowest of these numbers, Plaintiff's possible back pay damages for the 19-month period since his termination are currently approximately $78,635.64. This amount

---

[2]    *See also Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 503 n.7 (3d Cir. 2014) (explaining that the Federal Courts Jurisdiction and Venue Clarification Act of 2011 "provides that for a civil action with jurisdiction conferred by 28 U.S.C. § 1332(a) (diversity jurisdiction), 'removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, *by a preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)'") (emphasis in original); *Valley v. State Farm Fire & Cas. Co.*, 504 F. Supp. 2d 1, 4-5 (E.D. Pa. 2006) (in a case that predates the enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, reviewing the uncertainty in the case law surrounding the "legal certainty test" and explaining: "Under *Red Cab*, a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000. The rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $75,000—a substantially different standard.") (emphasis in original).

[3]    Walgreens does not concede, and in fact denies, that Plaintiff is legally entitled to *any* amount of damages. This, however, has no bearing on this Court's jurisdiction. At the jurisdictional stage, the Court should not consider "the legal sufficiency of [plaintiff's] claims or whether the legal theory advanced by the plaintiff[] is probably unsound." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). Further, "the court retains jurisdiction even if the plaintiff cannot ultimately prove all of the counts of the complaint or does not actually recover damages in excess of [$75,000]." *Id.*

alone could satisfy the amount in controversy, and it will only increase as Plaintiff's possible back pay damages continue to accrue during the pendency of this litigation.

22.     Plaintiff further seeks front pay damages, presumably at a rate of or near $50,000 per year.

23.     Plaintiff further seeks damages for lost past and future employment benefits.

24.     Plaintiff further seeks punitive damages.  Punitive damages are properly included in the calculation of the amount in controversy.  *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436, 457 (E.D. Pa. 2001).

25.     Between Plaintiff's requests for back and front pay, past and future benefits, and punitive damages, the preponderance of the evidence shows that the amount in controversy exceeds $75,000.

26.     For all of the foregoing reasons, Plaintiff's Complaint against Walgreens falls within the diversity jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.

27.     This removal is made without waiver of any defenses.

28.     In the event that the Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Walgreens respectfully requests the opportunity to submit such additional argument or evidence in support of removal.

**WHEREFORE**, Defendant, Walgreen Co., hereby gives notice that this action is removed from the Court of Common Pleas of Northampton County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**REED SMITH LLP**

Sara A. Begley
Anne E. Rollins
*Attorneys for Defendant*
*Walgreen Co.*

Dated:  October 6, 2015

**REED SMITH LLP**
Sara A. Begley, Esq. (PA ID: 49120)
Anne E. Rollins, Esq. (PA ID:  314484)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRIS CLARKE,** | **CIVIL ACTION NO. _____** |
| **Plaintiff,** | |
| **v.** | **DECLARATION OF COUNSEL IN SUPPORT** |
| **WALGREEN COMPANY,** | **OF DEFENDANT'S NOTICE OF REMOVAL** |
| **Defendant.** | |

I, Sara A. Begley, Esquire, being of full age, hereby certify and declare as follows:

1.    I am an attorney-at-law of the Commonwealth of Pennsylvania and a Partner in the law firm of Reed Smith LLP, counsel for Defendant Walgreen Co. in the above-captioned matter.

2.    I have read Defendant's Notice of Removal, and the contents thereof are true to the best of my knowledge, information and belief.

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Sara A Begley*

Dated:  October 6, 2015

Sara A. Begley

**REED SMITH LLP**
Sara A. Begley, Esq. (PA ID: 49120)
Anne E. Rollins, Esq. (PA ID:  314484)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KRIS CLARKE,** | |
| **Plaintiff,** | CIVIL ACTION NO. _____ |
| **v.** | |
| **WALGREEN COMPANY,** | |
| **Defendant.** | **DEFENDANT'S CERTIFICATE OF SERVICE OF NOTICE OF REMOVAL** |

    I hereby certify that, on October 6, 2015, I caused a copy of Defendant's Notice of Removal (and all corresponding pleadings, including the Declaration of Counsel in support thereof) to be served *via* first class mail upon counsel of record for Plaintiff, addressed as follows:

        Adam D. Meshkov, Esq.
        Meshkov & Breslin
        830 Lehigh Street
        Easton, PA 18042
        *Attorney for Plaintiff*

                                      *Sara A Begley*
                                Sara A. Begley

# EXHIBIT A

**Supreme Court of Pennsylvania**
Court of Common Pleas
Civil Cover Sheet

_____Northampton_____ County

| For Prothonotary Use Only: | TIME STAMP |
| --- | --- |
| Docket No: CV0015-0033 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: Kris Clarke | Lead Defendant's Name: Walgreen Company |
| --- | --- |
| Are money damages requested? [X] Yes  [ ] No | Dollar Amount Requested: (check one)  [ ] within arbitration limits  [X] outside arbitration limits |
| Is this a *Class Action Suit*? [ ] Yes  [X] No | Is this an *MDJ Appeal*? [ ] Yes  [X] No |

Name of Plaintiff/Appellant's Attorney: Adam D. Meshkov

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**  Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
  _____
  _____
- [ ] Employment Dispute: Discrimination
- [X] Employment Dispute: Other
  Wrongful Termination
- [ ] Other: _____
  _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessments
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
  _____
  _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____
  _____

𝕀ⓐCOPY

IHEREBY CERTIFY THAT
IHE WITHIN IS A TRUE
AND CORRECT COPY OF
THE ORIGINAL

MESHKOV & BRESLIN
Adam D. Meshkov, Esquire
Attorney I.D. No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304          *Attorney for Plaintiff*

| | | |
|---|---|---|
| KRIS CLARKE | : | COURT OF COMMON PLEAS |
| | : | NORTHAMPTON COUNTY |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | CIVIL DIVISION - LAW |
| WALGREEN COMPANY | : | No.: CV2015-0623 |
| | : | |
| | : | |
| Defendant | : | |

**NOTICE TO PLEAD/NOTICE TO DEFEND**

**You have been sued in Court.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiffs. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Northampton County Bar Association
155 South 9th Street
Easton, PA 18042
(610)-258-6333

BY CE  Y'
     WITHIN IS  T
AND CORRECT COPY OF
THE ORIGINAL

MESHKOV & BRESLIN
Adam D. Meshkov, Esquire
Attorney I.D. No.: 94856
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 / (F) 610-438-6304

*Attorney for Plaintiff*

---

| | |
|---|---|
| KRIS CLARKE,<br>596 Plymouth St., Apt. 4<br>Hanover, Pennsylvania 18706 | COURT OF COMMON PLEAS<br>NORTHAMPTON COUNTY |
|        Plaintiff | |
| vs. | |
| WALGREEN COMPANY<br>2535 William Penn Hwy<br>Palmer Township, PA 18045 | CIVIL DIVISION – LAW<br>No.: C-0048-2015-063 |
|        Defendant | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, KRIS CLARKE, by and through his undersigned attorney, hereby brings this Complaint against Defendant, WALGREEN COMPANY and in support hereof avers as follows:

1.     Plaintiff, KRIS CLARKE is an adult individual and resident of Pennsylvania with a mailing address of 596 Plymouth St., Apt. 4, Hanover, Pennsylvania, 18706.

2.     Defendant, WALGREEN COMPANY is a registered corporation headquartered at 200 Wilmot Road, Deerfield, Illinois, 60015, which is authorized to do business in the Commonwealth of Pennsylvania.

3.     Jurisdiction is proper in the Court of Common Pleas of Northampton County, Pennsylvania, because Defendant operates a store located at 2535 William Penn Highway, Palmer Township, PA 18045.

4.    Venue is proper in the Court of Common Pleas of Northampton County pursuant to PA. R.C.P. 1006 because Defendant does business within Northampton County.

5.    From February 2005 until January 7, 2014, Plaintiff worked full time as an Electronics B Technician serving the electronic infrastructure of Defendant's retail stores, including those located in Northampton County.

6.    During his tenure, Plaintiff primarily worked out of Defendant's Depot 45 located at 3060 Plaza Drive, Suite 104 in Boothwyn, Pennsylvania.

7.    For the first year of his employment, he worked under the supervision of Depot Manager, Michael Alexandrowitz.

8.    Upon Mr. Alexandrowtiz's departure, Mr. Jancosko assumed the position of Depot Manager, and he remained the Depot Manager for the duration of Plaintiff's employment until his termination in January 2014.

9.    During Mr. Jancosko's tenure as Depot Manager, Plaintiff's job required him to serve Walgreen's retail stores throughout Eastern Pennsylvania, including Northampton, Lehigh, Luzerne, Lackawanna, Monroe, Pike, Carbon, York, Lebanon, Lancaster, Chester, Berks, Delaware and Philadelphia counties in Pennsylvania, the State of Delaware, and portions of the States of New Jersey and Maryland. Plaintiff worked Monday through Friday and was on-call during the weekend hours as needed.

10.    Plaintiff was at all times a dedicated employee who received repeated commendations for his service to Defendant.

11.    On June 21, 2012, Plaintiff was attempting to speak to Depot 45's Administrative Assistant Nancy Brown about a personnel matter when Nancy Brown suddenly silenced

him. She then revealed that a microphone had been placed under her desk by Mr. Jancosko.

12.     Immediately thereafter, Ms. Brown and Plaintiff moved to another location within the Depot, where she explained to Plaintiff that she had first discovered the listening device months earlier, and that she knew it to have been installed by or at the direction of Mr. Jancosko for the purposes of conducting illegal remote surveillance on Depot employees.

13.     Mr. Jancosko's illegal placement of the listening device is a felony-three criminal offense punishable by up to seven (7) years in prison and the imposition a fine up to Fifteen Thousand Dollars ($15,000.00) under Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA") at 18 Pa.C.S.A. § 5701 *et seq.*

14.     Mr. Jancosko's illegal placement of the listening device is also punishable civilly under §5725 of WESCA, pursuant to which an aggrieved party is entitled to damages at a rate of "$100 a day for each day of violation, or $1,000, whichever is higher," punitive damages, costs and attorney's fees.

15.     Further, Mr. Jancosko's illegal placement of the listening device constitutes illegal conduct punishable under the Federal Wiretap Act of 1968.

16.     Upon learning that Mr. Jancosko had illegally placed the listening device, Plaintiff informed his fellow employees of the same and he took a video tape of the listening device as proof of the violation.

17.     Prior to this occurrence, Plaintiff had been seeking a transfer to Depot 13, which was closer to his home.

18.     In June 2012, Plaintiff was reassigned to Depot 13, which he believed, based on reassurances, would be a permanent reassignment.

19.     Upon his arrival at Depot 13, Plaintiff shared news of the WESCA violation with Depot 13's Manager, James Paul. Mr. Paul instructed Plaintiff not to report the violation further because he believed it would jeopardize the approval of Plaintiff's transfer request.

20.     In August 2012, Plaintiff received a telephone call from Mr. Jancosko, who informed him that his transfer had been denied, and that he would be reassigned to Depot 45.

21.     Upon his return to Depot 45, Plaintiff's workload became more onerous than the workloads of other technicians. Plaintiff regularly received multiple assignments in distant locations, requiring long hours of travel, compounding an already long commute.

22.     Soon after his return to Depot 45, Mr. Jancosko changed Plaintiff's work schedule suddenly and without warning from 10:30am to 7:00pm to 8:00am to 4:30pm.

23.     This change in Plaintiff's work schedule had a profound effect on his family, requiring his wife to forego her employment to meet their childcare needs.

24.     Plaintiff, believing the schedule change to have occurred in retaliation for his report of Mr. Jancosko's illegal activity to James Paul of Depot 13, reported Mr. Jancosko's retaliatory conduct to Jancosko's supervisor, Terry Yarborough, who declined to take any action.

25.     In late November 2012, Plaintiff spoke to a fellow employee, Jim Reed, about Mr. Jancosko's illegal conduct and his subsequent treatment of Plaintiff.

26.    Mr. Reed advised Plaintiff to report Mr. Jancosko's conduct to Carlos Cordoba with Defendant's Loss Prevention Unit.

27.    After making contact with Mr. Cordoba and forwarding him a written statement and his videotape of the listening device, Plaintiff did not hear further from Mr. Cordoba.

28.    Plaintiff subsequently learned that Mr. Cordoba's employment had been terminated.

29.    In January 2013, Defendant commenced an investigation into the WESCA violation.

30.    In March 2013, the investigation concluded with a finding that the purpose of the microphone could not be determined.

31.    Through the Spring and Summer of 2013, Plaintiff regularly and frequently volunteered for weekend on-call duty.

32.    However, after Plaintiff had assumed several consecutive on-call weekends, Mr. Jancosko suddenly and without warning changed the on-call policy to require the rotation of on-call assignments amongst all technicians resulting in loss of income for Plaintiff.

33.    Regularly, from his first report of the WESCA violation to his fellow employees forward, Mr. Jancosko treated Plaintiff unfairly and subjected him to undue stress, pressure and humiliation, causing Plaintiff to experience sleeplessness, chest pain, numbness and anxiety.

34.    Around the time of the change to Defendant's on-call policy, Plaintiff, having developed physical and psychological symptoms arising from Mr. Jancosko's treatment of him, sought the services of a psychologist, who advised him to seek a transfer to a different depot, and to submit a hardship letter to Defendant in support of his request.

35.     Plaintiff submitted a hardship letter to Defendant, and instead of receiving the transfer to Depot 13 which he had previously been assured of, he was offered a position at a retail store at approximately half his rate of pay, which he was not in the financial position to accept.

36.     In September 2013, Plaintiff filed a complaint against Mr. Jancosko with Defendant's Employee Relations Department, alleging harassment and unfair treatment. At that time, his work environment was so hostile that it caused him a great deal of stress and anxiety, which he conveyed to management in a forthright manner.

37.     In December 2013, while his complaint against Mr. Jancosko was pending, Plaintiff wrote to the Director of Information Technology Services for Defendant, Mr. Charles Hughes, to inform him of his mistreatment at the hands of Mr. Jancosko.

38.     Thereafter, Plaintiff was contacted by a liaison from Defendant's Human Relations Department, who in the course of their discussion asked Plaintiff whether he had ever felt like causing harm to Mr. Jancosko.

39.     Plaintiff replied in a forthright manner that he may have had such feelings in the past, but that he no longer harbored such feelings.

40.     On January 7, 2014, Charles Hughes appeared at Depot 45 and forced Plaintiff to tender his resignation against his will, based on the pretense of his admission with regard to his past feelings toward Mr. Jancosko.

## COUNT ONE
### WRONGFUL TERMINATION/CONSTRUCTIVE DISHCHARGE

41.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth at length below.

42.     Plaintiff was terminated from his employment by Defendant in retaliation and as a direct consequence of his making good faith reports of Defendant's unlawful conduct in contravention of Pennsylvania Common Law.

43.     Defendant acted unlawfully and in contravention of express laws and public policies of the Commonwealth of Pennsylvania by subjecting Plaintiff to illegal wiretapping in clear violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("WESCA") at 18 PA.C.S.A. § 5701 et seq., and by exposing Plaintiff to mistreatment in retaliation for his report of Mr. Jancosko's illegal activity, which ultimately culminated in Defendant willfully forcing Plaintiff to tender his resignation against his will.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant for damages in excess of $50,000.00 in the form of lost income (back pay) and lost employment benefits, future income (front pay) and future lost employment benefits, all such actual damages incurred, punitive damages, attorney and witness fees and costs, and all such compensable legal and equitable relief determined to be appropriate by this Honorable Court.

MESHKOV & BRESLIN

By: _____

ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
830 Lehigh Street
Easton, PA 18042
(T) 610-438-6300 (F) 610-438-6302

### VERIFICATION

I, KRIS KEVIN CLARKE, hereby verify and that all facts and statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. The language is that of my attorney. The facts have been supplied by me. I understand that the statements made therein are subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.


KRIS KEVIN CLARKE

Date: 4-1-15

**Walgreens Company**
**Data Terminal Repair**
**Disciplinary Action Record**

**EMPLOYEE:**  Kris Clarke                                          **POSITION:** Technician B

**SUPERVISOR:** Brian Jancosko

**SIGNATURE:** _____        **DATE:** _____

**WITNESS:**  Kevin Dancey

**SIGNATURE:** _____On phone_____        **DATE:** _____7/18/2008_____

**DATE OF INCIDENT:**  07/15/2008

**FACTS:**  Kris replaced a bus board on the Inkjet machine for Ticket # – 8628688 at store 9591. Kris resolved the ticket while machine was still not working. Kris neglected to follow up with store or depot staff to repair the machine or order any parts needed. As a result, the machine was down for several days until Help Center called depot to inquire on the status.

**DISCIPLINARY ACTION TAKEN:**  Verbal Warning

**FUTURE CONSEQUENCES:**   Written warning and possible termination.

The above disciplinary action record was discussed with me and I have been provided with an opportunity to respond to all allegations as well as write any comments I feel appropriate on the attached sheet of this form.

**Employee Signature:** _____Employee refused to sign_____
**Date:**_____07/18/2008_____

**Walgreens Company**
**Data Terminal Repair**
**Disciplinary Action Record**

**EMPLOYEE:**    Kris Clarke                    **POSITION:** Tech B

**SUPERVISOR:** Brian Jancosko

**SIGNATURE:** _____        **DATE:** _____04/30/2010_____

**WITNESS:** Steve Irons

**SIGNATURE:** _____via phone_____    **DATE:** _____04/30/2010_____

**WITNESS:** Dave Reed

**SIGNATURE:** _____via phone_____    **DATE:** _____04/30/2010_____

**DATE OF INCIDENT:**  04/24/2010

**FACTS:** On Saturday, April 24th, Kris was responsible for providing backup to the on-call technician.  The on-call schedule has been posted since the beginning of January 2010 on two white boards and two calendars in the depot. The on-call technician was overwhelmed with multiple critical tickets that were too spread out for them to cover. They called Kris and left messages asking him to cover several tickets.  After no response from Kris, the on-call technician called me to see if I could get a hold of him.  I called Kris' work phone and personal phone leaving messages for him to contact the on-call technician.  Kris did not contact the on-call technician or me at any point during the weekend.  It is not too often that the person providing back up is brought in to work; however, when they are contacted it is their responsibility to assist with servicing the excess tickets that the on-call person cannot contend with in a timely manner.

**DISCIPLINARY ACTION TAKEN:**  Verbal warning

**FUTURE CONSEQUENCES:**  Written Warning.

The above disciplinary action record was discussed with me and I have been provided with an opportunity to respond to all allegations as well as write any comments I feel appropriate on the attached sheet of this form.

**Employee Signature:** ___Employee refused to sign_____        **Date:** _____04/30/2010_____

**Walgreens Company**
**Data Terminal Repair**
**Disciplinary Action Record**

**EMPLOYEE:  Kris Clarke**                                    **POSITION: Technician B**

**SUPERVISOR: Brian Jancosko**

**SIGNATURE:** _____        **DATE:** _____

**WITNESS:  Marvin Boyer (Special Investigator, Northeast Region)**

**SIGNATURE:** _____        **DATE:** _____

**DATE OF INCIDENT:  12/23/2011**

**FACTS:** Kris incurred company expenses and failed to properly handle his administrative function of reimbursing the card through Concur in March of 2011. This has resulted in numerous monthly late charges that have accrued to exceed 600 dollars and resulted in the American Express card being revoked. Depot manager assisted Kris with the Concur account and had the Company related expense reimbursed. This leaves Kris with 298.00 plus any additional late fees to be paid by Kris. Kris failed to correctly monitor/process expenses in Concur where it relates to his company issued American Express card. This places Kris in direct violation of the Walgreens Travel and Expense Policy.

**DISCIPLINARY ACTION TAKEN:** Final Written Warning

**FUTURE CONSEQUENCES:**  Kris will be responsible for all Walgreens related charges for travel including: hotels, tools, food, and any other incidentals including gas and go through Concur for reimbursement. The total balance of the American Express card must be paid within 30 days of receipt of this disciplinary action and show the Depot Manager proof of payment through his American Express web page. Failure to comply with the above stated conditions will result in further disciplinary action up to and including termination.

The above disciplinary action record was discussed with me and I have been provided with an opportunity to respond to all allegations as well as write any comments I feel appropriate on the attached sheet of this form.

**Employee Signature:** _____        **Date:** _____

# DISCIPLINARY RECORD

| Kris Clarke | Technician B | Depot 45 |
|---|---|---|
| Employee Name | Position | Location |
| **Brian Jancosko** | **Depot Manager** | **Depot 45** |
| Manager Name | Position | Location |
| **John Mormello** | **Loss Prevention Manager** | **Flourtown District 172** |
| Management Witness | Position | Location |

## RELATED DISCIPLINARY HISTORY

| Level of Discipline | Basis | Date |
|---|---|---|
| Final Written warning | Failed to properly handle his administrative function of reimbursing his American Express Card through Concur | 12/23/2011 |
| Verbal Warning | Refusal to handle his backup on call responsibilities. | 04/30/2010 |
| Written warning | Called out for his on call responsibilities for the weekend | 8/18/08 |

## DISCIPLINE BEING ISSUED

Level of Discipline:     Written Warning

Basis for Discipline:     Refusal to take mandatory training after multiple attempts

Explanation of the reason for the discipline:
As you are aware, you are expected to maintain an acceptable level of work performance at this location. Unfortunately, there have been several recent instances of sub-standard work performance where you failed to adhere to the expectations of your position. For example:

- On 11/22/2013 you were assigned a training and test for CTA phone card solution on 11/26 via email.
- As of 11/26/2013 you had not attended the training nor provided any reason as to why you could not.
- On 12/3/2013 you were sent another email about taking the test on 12/4.
- On 12/4/2013 you were told to take the test prior to leaving the depot and acknowledged it; however you left without taking it and without notifying me of any reason why you could not do so.
- On 12/5/2013 you were given time in the morning to take the test and did not. Another email was sent to you on 12/5/2013 informing you to take the test prior to leaving for

Optional Employee Response to Discipline:

Kris Clarke, is in the testing because after 7 years do not feel safe in this work environment. I have experienced unfairness, unethical and immoral behavior at the hands of Brian Jancosko. I am working in a situation where a felony was committed by Brian Jancosko and I do not feel safe being under his supervision

I did not take the test until I felt confident enough to pass. I cannot concentrate on work task and test taking due to the anxiety I feel while working at depot 45. I am again requesting a transfer to depot 13 on the grounds of I am working in fear

In Signing this document I am acknowledging my statement but not the disciplinary action by Brian Jancosko and others

EMPLOYEE SIGNATURE: *Kris L. Clarke*     DATE ____12/17/13____

Employee Initials

your tickets. You left the depot shortly after 8 am and did not take the test or provide any information as to reasons why you could not do so.

It is imperative that all of our technicians complete required training so we can provide appropriate support to our customers. Your unwillingness to do so and blatant disregard of my requests is unacceptable.

As a result of your recent performance, you are being issued a written warning. Immediate, consistent, and sustained improvement in your work performance is expected. Please be advised that failure to show improvement such as failure to complete assigned tasks in a timely manner, or inability to perform essential tasks, may result in additional disciplinary action up to and including termination. I trust that you will make the changes necessary to improve your performance.

### ACKNOWLEDGEMENT OF RECEIPT OF DISCIPLINE
### AND WALGREENS' POLICY AGAINST RETALIATION

I have been provided with the information contained in this Disciplinary Record and allowed an opportunity to respond verbally or in writing. I understand that further misconduct will result in more severe discipline, up to and including termination.

I am aware of the policy against retaliation and I agree not to retaliate against any employee or customer who provided information relating to this discipline. I understand that any act of retaliation could result in immediate termination.

Signature indicates having read and understood the above disciplinary record and acknowledgement; it does not necessarily imply agreement.

EMPLOYEE SIGNATURE _Employee Refused to sign_ DATE____12/17/13____

The information in this disciplinary record, including the consequences for any further misconduct or retaliation against anyone involved in this discipline, was provided to the employee identified above on the date indicated. The employee was encouraged to ask questions to ensure he or she understood the allegations and the consequences of future misconduct and was given the opportunity to respond to the allegations contained herein at that time.

MANAGER__Brian Jancoski_____

SIGNATURE_____DATE____12/17/13_____

MANAGEMENT WITNESS___John Mormello DLPm District 172___

SIGNATURE_____DATE____12/17/13_____

Employee Initials

# EXHIBIT B

Sara A. Begley (Attorney I.D. No. 49120)
Anne Rollins (Attorney I.D. No. 314484)
**REED SMITH LLP**
Three Logan Square, Suite 3100
1717 Arch Street
Philadelphia, PA 19103-7301
Telephone No. (215) 851-8100
*Attorney for Defendant Walgreen Co.*

| | | |
|---|---|---|
| KRIS CLARKE, | : | COURT OF COMMON PLEAS |
| | : | NORTHAMPTON COUNTY, PENNSYLVANIA |
| Plaintiff, | : | |
| | : | |
| v. | : | No. CV2015-6633 |
| | : | |
| WALGREEN CO., | : | |
| | : | |
| Defendant | : | |

## <u>NOTIFICATION OF NOTICE OF REMOVAL</u>

TO THE PROTHONOTARY:

Please be advised that, pursuant to 28 U.S.C. § 1446, you are hereby notified that on October 6, 2015, a Notice of Removal of this Action, which was first filed in the Court of Common Pleas of Northampton County, Pennsylvania, was filed in the United States District Court for the Eastern District of Pennsylvania.   A certified copy of the Notice of Removal is attached hereto and incorporated herein by reference.

Dated:  October 6, 2015

Sara A. Begley
Attorney I.D. 49120
Anne Rollins
Attorney I.D. 314484
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103-7301
215-851-8100

*Attorneys for Defendant*
*Walgreen Co.*

# EXHIBIT C

## Copy B—To Be Filed With Employee's FEDERAL Tax Return.

**2011** — OMB No 1545-0008

| Box | Amount |
|---|---|
| Employee's social security number | REDACTED |
| 1 Wages, tips, other comp | 54442.71 |
| 2 Federal income tax withheld | 9209.71 |
| 3 Social security wages | 55066.83 |
| 4 Social security tax withheld | 2312.81 |
| 5 Medicare wages and tips | 55066.83 |
| 6 Medicare tax withheld | 798.47 |

Employer ID number (EIN) 361924025

Employer's name, address, and ZIP code:
WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015      03-39-0111

Control number

Employee's name, address and ZIP code:
KRIS K CLARKE
REDACTED

| 12a Code See Inst. for box 12 | D | 624.12 |
| 12b Code | C | 3.75 |
Retirement plan X

| PA | 90809699 | 55063.08 | 1690.44 |
17 State income tax
Local income tax 52.00
20 Locality name UPCHICHES

Form W-2 Wage and Tax Statement
This information is being furnished to the Internal Revenue Service
Dept. of the Treasury—IRS

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return.

**2011** — OMB No 1545-0008

(Same data as above)
REDACTED
1 Wages 54442.71  2 Federal income tax withheld 9209.71
3 Social security wages 55066.83  4 Social security tax withheld 2312.81
5 Medicare wages 55066.83  6 Medicare tax withheld 798.47
Employer ID 361924025
WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015      03-39-0111
KRIS K CLARKE
REDACTED
12a D 624.12  12b C 3.75  Retirement plan X
PA 90809699 55063.08 1690.44
Local income tax 52.00  UPCHICHES
Form W-2 Wage and Tax Statement   Dept. of the Treasury—IRS

---

## Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.)

**2011** — OMB No 1545-0008

REDACTED
1 Wages 54442.71  2 Federal income tax withheld 9209.71
3 Social security wages 55066.83  4 Social security tax withheld 2312.81
5 Medicare wages 55066.83  6 Medicare tax withheld 798.47
Employer ID 361924025
WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015      03-39-0111
KRIS K CLARKE
REDACTED
12a D 624.12  12b C 3.75  Retirement plan X
PA 90809699 55063.08 1690.44
Local income tax 52.00  UPCHICHES

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return.

**2011** — OMB No 1545-0008

REDACTED
1 Wages 54442.71  2 Federal income tax withheld 9209.71
3 Social security wages 55066.83  4 Social security tax withheld 2312.81
5 Medicare wages 55066.83  6 Medicare tax withheld 798.47
Employer ID 361924025
WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015      03-39-0111
KRIS K CLARKE
REDACTED
12a D 624.12  12b C 3.75  Retirement plan X
PA 90809699 55063.08 1690.44
Local income tax 52.00  UPCHICHES
Form W-2 Wage and Tax Statement

## Copy B—To Be Filed With Employee's FEDERAL Tax Return. — 2012 — OMB No. 1545-0008

| | | |
|---|---|---|
| Employee's social security number **REDACTED** | 1 Wages, tips, other comp. 53580.32 | 2 Federal income tax withheld 8885.03 |
| Employer ID number (EIN) 361924025 | 3 Social security wages 54690.76 | 4 Social security tax withheld 2297.01 |
| | 5 Medicare wages and tips 54690.76 | 6 Medicare tax withheld 793.02 |

Employer's name, address, and ZIP code

WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015                    03-39-0111

Control number

Employee's name, address and ZIP code

KRIS K CLARKE
REDACTED

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| Dependent care benefits | 11 Nonqualified plans | 12a Code See Inst. for box 12  C  10.15 |
| Statutory employee | 14 Other  UPCHICHES Tax  22.00 | 12b Code  D  1110.44 |
| Retirement plan  X | SUI  43.74 | 12c Code  DD  5483.76 |
| Third-party sick pay | | 12d Code |
| PA   90809699 | 54680.61 | 1678.70 |
| State Employer's state I.D no. | 16 State wages, tips, etc | 17 State income tax |
| Local wages, tips, etc | 19 Local income tax | 20 Locally name  UP CHICHE |

Form W-2 Wage and Tax Statement                    Dept of the Treasury—IRS
This information is being furnished to the Internal Revenue Service.

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return. — 2012 — OMB No 1545-0008

| | | |
|---|---|---|
| a Employee's social security number **REDACTED** | 1 Wages, tips, other comp. 53580.32 | 2 Federal income tax withheld 8885.03 |
| b Employer ID number (EIN) 361924025 | 3 Social security wages 54690.76 | 4 Social security tax withheld 2297.01 |
| | 5 Medicare wages and tips 54690.76 | 6 Medicare tax withheld 793.02 |

c Employer's name, address, and ZIP code

WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015                    03-39-0111

d Control number

e Employee's name, address and ZIP code

KRIS K CLARKE
REDACTED

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See Inst for box 12  C  10.15 |
| 13 Statutory employee | 14 Other  UPCHICHES Tax  22.00 | 12b Code  D  1110.44 |
| Retirement plan  X | SUI  43.74 | 12c Code  DD  5483.76 |
| Third-party sick pay | | 12d Code |
| PA   90809699 | 54680.61 | 1678.70 |
| 15 State Employer's state I.D. no. | 16 State wages, tips, etc. | 17 State income tax |
| 18 Local wages, tips, etc | 19 Local income tax | 20 Locally name  UP CHICHE |

Form W 2 Wage and Tax Statement                    Dept of the Treasury—IRS

---

## Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.) — 2012 — OMB No. 1545-0008

| | | |
|---|---|---|
| Employee's social security number **REDACTED** | 1 Wages, tips, other comp. 53580.32 | 2 Federal income tax withheld 8885.03 |
| Employer ID number (EIN) 361924025 | 3 Social security wages 54690.76 | 4 Social security tax withheld 2297.01 |
| | 5 Medicare wages and tips 54690.76 | 6 Medicare tax withheld 793.02 |

Employer's name, address, and ZIP code

WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015                    03-39-0111

Control number

Employee's name, address and ZIP code

KRIS K CLARKE
REDACTED

| Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| Dependent care benefits | 11 Nonqualified plans | 12a Code See Inst for box 12  C  10.15 |
| Statutory employee | 14 Other  UPCHICHES Tax  22.00 | 12b Code  D  1110.44 |
| Retirement plan  X | SUI  43.74 | 12c Code  DD  5483.76 |
| Third-party sick pay | | 12d Code |
| PA   90809699 | 54680.61 | 1678.70 |
| State Employer's state I.D no. | 16 State wages, tips, etc | 17 State income tax |
| Local wages, tips, etc | 19 Local income tax | 20 Locally name  UP CHICHE |

Dept of the Treasury—IRS

---

## Copy 2—To Be Filed With Employee's State, City, or Local Income Tax Return. — 2012 — OMB No 1545-0008

| | | |
|---|---|---|
| a Employee's social security number **REDACTED** | 1 Wages, tips, other comp. 53580.32 | 2 Federal income tax withheld 8885.03 |
| b Employer ID number (EIN) 361924025 | 3 Social security wages 54690.76 | 4 Social security tax withheld 2297.01 |
| | 5 Medicare wages and tips 54690.76 | 6 Medicare tax withheld 793.02 |

c Employer's name, address, and ZIP code

WALGREEN CO./ILL.
AGENT FOR: WALGREEN EASTERN CO. INC.
200 WILMOT ROAD
DEERFIELD, IL 60015                    03-39-0111

d Control number

e Employee's name, address and ZIP code

KRIS K CLARKE
REDACTED

| 7 Social security tips | 8 Allocated tips | 9 |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See Inst for box 12  C  10.15 |
| 13 Statutory employee | 14 Other  UPCHICHES Tax  22.00 | 12b Code  D  1110.44 |
| Retirement plan  X | SUI  43.74 | 12c Code  DD  5483.76 |
| Third-party sick pay | | 12d Code |
| PA   90809699 | 54680.61 | 1678.70 |
| 15 State Employer's state I.D. no. | 16 State wages, tips, etc | 17 State income tax |
| 18 Local wages, tips, etc | 19 Local income tax | 20 Locally name  UP CHICHE |

Form W 2 Wage and Tax Statement                    Dept of the Treasury—IRS

| a Employee's social security number REDACTED | OMB No. 1545-0008 | Copy B—To Be Filed With Employee's FEDERAL Tax Return. | |
|---|---|---|---|
| b Employer Identification number (EIN) 361924025 | | 1 Wages, tips, other compensation 44934.65 | 2 Federal income tax withheld 4165.30 |
| c Employer's name, address, and ZIP code WALGREEN CO./ILL. AGENT FOR: WALGREEN EASTERN CO. INC. 200 WILMOT ROAD DEERFIELD, IL 60015 | | 3 Social security wages 44934.65 | 4 Social security tax withheld 2785.95 |
| | | 5 Medicare wages and tips 44934.65 | 6 Medicare tax withheld 651.55 |
| | 03-39-6957 | 7 Social security tips | 8 Allocated tips |
| d Control number | | 9 | 10 Dependent care benefits |
| e Employee's first name and initial   Last name   Suff KRIS K CLARKE REDACTED | | 11 Nonqualified plans | 12a See instructions for box 12 C                8.86 |
| | | 13 Statutory employee  Retirement plan  Third-party sick pay | 12b DD              18391.68 |
| | | 14 Other SUI                        31.45 | 12c |
| | | | 12d |
| f Employee's address and ZIP code | | | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| PA | 90809699 | 44925.79 | 1379.25 | 44925.79 | 772.80 | 10 |
| | | | | | 52.00 | |

Form **W-2** Wage and Tax Statement                     **2013**                     Department of the Treasury—Internal Revenue Service
This information is being furnished to the Internal Revenue Service.

| a Employee's social security number REDACTED | OMB No. 1545-0008 | Copy C—For EMPLOYEE'S RECORDS (See Notice to Employee on the back of Copy B.) | |
|---|---|---|---|
| b Employer Identification number (EIN) 361924025 | | 1 Wages, tips, other compensation 44934.65 | 2 Federal income tax withheld 4165.30 |
| c Employer's name, address, and ZIP code WALGREEN CO./ILL. AGENT FOR: WALGREEN EASTERN CO. INC. 200 WILMOT ROAD DEERFIELD, IL 60015 | | 3 Social security wages 44934.65 | 4 Social security tax withheld 2785.95 |
| | | 5 Medicare wages and tips 44934.65 | 6 Medicare tax withheld 651.55 |
| | 03-39-6957 | 7 Social security tips | 8 Allocated tips |
| d Control number | | 9 | 10 Dependent care benefits |
| e Employee's first name and initial   Last name   Suff KRIS K CLARKE REDACTED | | 11 Nonqualified plans | 12a See instructions for box 12 C                8.86 |
| | | 13 Statutory employee  Retirement plan  Third-party sick pay | 12b DD              18391.68 |
| | | 14 Other SUI                        31.45 | 12c |
| | | | 12d |
| f Employee's address and ZIP code | | | |

| 15 State | Employer's state ID number | 16 State wages, tips, etc | 17 State income tax | 18 Local wages, tips, etc | 19 Local income tax | 20 Locality name |
|---|---|---|---|---|---|---|
| PA | 90809699 | 44925.79 | 1379.25 | 44925.79 | 772.80 | 10 |
| | | | | | 52.00 | |

Form **W-2** Wage and Tax Statement                     **2013**                     Department of the Treasury—Internal Revenue Service
This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.